Ruffin, Chief Justice,
after stating the case as above, proceeded as follows: The opinion delivered by His Honor is, we believe, correct. Perhaps in the events which have happened, no action at law by any person will lie; for if the covenant, by its silence as to the heirs, be for a conveyance to the covenantee personally, it is gone by his death. But we do not determine that question, because assuming the construction put on the agreement by the plaintiff to be correct, we are still of opinion against him. The legal effect imputed in the declaration to the instrument is, that the defendant obliged himself to convey to Thrower, or to his heirs, upon their respective request; and no request having been made by Thrower, the plaintiff alleges that the defendant refused to convey to the heirs when requested by them, after the death of the ancestor. It is insisted, ón the part of the plaintiff, that the heirs cannot have their action, because the covenant being merely an executory agreement, does not run with land and come with it to the heir; and also because the heir is not *361 named in the instrument, and therefore cannot take benefit thereby: and it is thence inferred that the present action is sustainable; since it would be unreasonable that there should be no remedy for any person. But it may well be enquired, if this agreement is by construction to be made to be an engagement to convey to the heirs of Thrower, as well as to Thrower himself, upon.request, whether the same principle of construction does not make it, by implication, a covenant with the heir as well as with the ancestor; in which case, according to the old authority cited at the bar, F. N. B. 145, and Shep. Touch. 171, the heir and not the executor should have the action thereon. Be that, however, as it may, it is to be remembered, that the ground of the damages demanded in this declaration is, that the defendant has not conveyed to the heirs.of.the plaintiff’s intestate. Now, the heir and administrator, as such, are strangers to each other in respect to this question; for what concern is it of the administrator whether the heir get the land or not? After the death of the intestate, the defendant was either not bound to convey to any person, or, if to any person, to the heir. If the latter, and he has failed to do so, who is injured? Clearly, not the administrator; and therefore the administrator can have no action on the covenant. Every plaintiff, in an action on this instrument, whetherthe heir or the administrator, must shew a damage to himself, before he can recover. Kingdon v. Nottle, 1 Maul. and Selw. 355—Chamberlain v. Williamson, 2 Maul. and Selw. 408—Markland v. Crump, 1 Dev. and Bat. 94.
Pjsr Curiam. Judgment affirmed.